**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| CHARLES RUBEN, #05087957,                )  | |
|        Plaintiff,                                      )  | |
|                                                                     )  | |
| v.                                                                )  | 3:05-CV-2429-R |
|                                                                     )  | |
| DALLAS COUNTY JAIL,                         )  | |
|        Defendant.                                 )  | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

    Type of Case:   This is a civil rights action brought by a county inmate pursuant to 42 U.S.C. § 1983.

    Parties:   At the time of filing this action, Plaintiff was an inmate incarcerated at the Dallas Count Jail. His whereabouts are presently unknown. Defendant is the Dallas County Jail. The Court did not issue process in this case.

    Findings and Conclusions:   On January 9, 2006, the Court issued a notice of deficiency and order to Plaintiff. The order notified Plaintiff that he had neither paid the filing fee nor submitted a proper request to proceed *in forma pauperis*. The order directed Plaintiff to cure the deficiency within thirty days and cautioned him that failure to comply with the order would result in a recommendation that the complaint be dismissed for failure to prosecute.

As of the date of this recommendation, Plaintiff has failed to comply with the deficiency order. Nor has he kept this Court appraised of his address change. The Court is not required to

delay disposition in this case until such time as Plaintiff provides his current address.

Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order.  <u>Larson v. Scott</u>, 157 F.3d 1030, 1031 (5th Cir. 1998).  "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases."  <u>Boudwin v. Graystone Ins. Co., Ltd.</u>, 756 F.2d 399, 401 (5th Cir. 1985) (citing <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 82 S.Ct. 1386 (1962)).

Plaintiff has been given ample opportunity to comply with the deficiency order.  He has refused or declined to do so.  Moreover, he has failed to keep the court appraised of his address change.  Therefore, this action should be dismissed for lack of prosecution.

<u>RECOMMENDATION</u>:

For the foregoing reasons, it is recommended that this action be dismissed without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

A copy of this recommendation will be mailed to Plaintiff.

Signed this 22nd day of February, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

  In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (<u>en banc</u>), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.